J-S03003-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MATTHEW KEITH BYARS | |
| Appellant | No. 1740 WDA 2015 |

Appeal from the PCRA Order September 28, 2015
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009814-2011
CP-02-CR-0009815-2011
CP-02-CR-0009816-2011
CP-02-CR-0009817-2011
CP-02-CR-0009824-2011
CP-02-CR-0009825-2011
CP-02-CR-0009826-2011
CP-02-CR-0009827-2011
CP-02-CR-0011638-2011
CP-02-CR-0011639-2011
CP-02-CR-0011640-2011
CP-02-CR-0011641-2011

BEFORE: OLSON, SOLANO and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.: **FILED FEBRUARY 22, 2017**

Appellant, Matthew Keith Byars, appeals from the order entered on September 28, 2015 in the Criminal Division of the Court of Common Pleas of Allegheny County. We affirm.

The trial court summarized the relevant procedural history in this case as follows:

> [Appellant] was charged with 74 offenses[] at 12 separate [c]riminal [i]nformations in relation to a series of assaults on boys at a local day care center and in his home. [Appellant]

* Retired Senior Judge assigned to the Superior Court.

appeared before th[e trial c]ourt on January 30, 2012 and, pursuant to a plea agreement with the Commonwealth, pled guilty to all charges in exchange for a term of imprisonment of 35 to 70 years. [Appellant] was also found to be a Sexually Violent Predator. No [p]ost-[s]entence [m]otions were filed and no direct appeal was taken.

No further action was taken until May 14, 2014, when [Appellant] filed a *pro se* Post Conviction Relief Act[1] [(PCRA)] Petition, which he captioned "Amended Petition." Scott Coffee, Esquire, was appointed to represent [Appellant], but he later filed a [no-merit letter under ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988)] and sought permission to withdraw. After granting Attorney Coffey's withdrawal and giving the appropriate notice of its intent to do so, th[e trial c]ourt dismissed [Appellant's] *pro se* [PCRA p]etition without a hearing on July 16, 2014. On August 11, 2014, [Appellant] filed a *pro se* "Motion and Order for Extension of Time to File Appeal to Dismissal of PCRA Petition" with th[is C]ourt, which [we] denied [] on August 20, 2014. [Appellant] eventually perfected a [n]otice of [a]ppeal which was initially docketed at 1557 WDA 2014, but which was later quashed *sua sponte* by th[is] Court as untimely on December 5, 2014.

On March 30, 2015, [Appellant] filed a "Motion to Have Appellant's Appeal Rights Restored[.]" That motion was denied on April 10, 2015.

No further action was taken until May 11, 2015, when [Appellant] filed a "Motion to Have Appellant's Appeal Rights Restored 'Nunc Pro Tunc[.]" After reviewing the record, th[e trial c]ourt denied [Appellant's m]otion on September 28, 2015. This appeal followed.

Trial Court Opinion, 6/23/16, at 1-2.

Although Appellant lists 17 issues for our consideration, we note

initially that his petition sought *nunc pro tunc* reinstatement of his right to

_____

[1] ***See*** 42 Pa.C.S.A. §§ 9541-9546.

appeal from the denial of his first PCRA petition. Such a claim falls under the auspices of the PCRA and, thus, is subject to the timeliness requirements of that statute.[2] *See Commonwealth v. Bennett*, 930 A.2d 1264, 1267 (Pa. 2007) (claim seeking reinstatement of PCRA appeal rights *nunc pro tunc* constitutes cognizable claim under the PCRA and is therefore subject to applicable statutory time constraints). Accordingly, we shall treat Appellant's May 11, 2015 request for restoration of his PCRA appeal rights as a petition for collateral relief.

We conclude that the trial court properly denied relief on Appellant's untimely filing.

> [T]he timeliness requirements of the PCRA are jurisdictional in nature….
>
> A petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment becomes final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), and (iii), is met.[ ]

---

[2] The trial court in this case does not appear to have examined Appellant's current filing within the context of the PCRA, including its attendant time restrictions. We respectfully remind the court that it is well-settled that the PCRA offers the sole means for obtaining collateral relief on cognizable claims, 42 Pa.C.S.A. § 9542, and that, as a result, all claims for relief lodged after a judgment of sentence becomes final, in the vast majority of cases, must be considered under the PCRA's statutory scheme.

*Commonwealth v. Harris*, 972 A.2d 1196, 1199-1200 (Pa. Super. 2009) (citations omitted). In this case, Appellant's petition was clearly filed outside the one-year time limit found in the PCRA and he failed to invoke a statutory exception to the limitations period. In his brief, Appellant alleges, without citation to the certified record or to pertinent authorities, that his petition should be reviewed because of unspecified interference by government officials, his ignorance of the facts upon which the petition was predicated, and since the right he asserts is one that would have been recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania. *See* Appellant's Brief at 8b-8d. These generic contentions are woefully inadequate to invoke the PCRA's timeliness exceptions and compel our conclusion that Appellant waived appellate review of his assertion that his second petition was timely under one of the exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i), (ii), or (iii). *See Commonwealth v. Briggs*, 12 A.3d 291, 342-343 (Pa. 2011) (appellate filings must cite and discuss pertinent authorities). Thus, Appellant's request for *nunc pro tunc* reinstatement of his PCRA appeal rights was untimely and the PCRA court lacked jurisdiction to address his claims. *See Commonwealth v. Moore*, 937 A.2d 1062, 1073 (Pa. 2007) (appellate court may affirm a valid judgment based on any reason appearing as of record).

Order affirmed.

J-S03003-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/2017

- 5 -